UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DEBORAH DENBOSKE AND ARTHUR DENBOSKE, her spouse,**<br><br>Plaintiffs,<br><br>v.<br><br>**VINODKUMA J. JASANI, AND UNITED STATES POSTAL SERVICE,**<br><br>Defendants. | Civ. No. 2:14-3921 (WJM) |
| **CRISTINA PONCE AND ARTURO PONCE, her spouse,**<br><br>Plaintiffs,<br><br>v.<br><br>**VINODKUMA J. JASANI, AND UNITED STATES POSTAL SERVICE,**<br><br>Defendants. | Civ. No. 2:14-3922 (WJM)<br><br>Consolidated Cases<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

In these actions, Plaintiffs allege that they were injured in an automobile accident caused by the negligent driving of a United States Postal Service worker. This matter comes before the Court on Defendants' motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Because Plaintiffs failed to present Defendants with an administrative claim identifying a "sum certain" of damages, the Court must dismiss the Complaints for lack of subject-matter jurisdiction. Defendants' motion to dismiss is **GRANTED**.

1

## I. BACKGROUND

These actions arise out of an alleged automobile accident that occurred on October 12, 2011. Plaintiff Deborah Denboske and Cristina Ponce (collectively, "Plaintiffs") were in a motor vehicle own by Denboske, with Denboske driving and Ponce in the passenger seat. (Complt. at ¶1).[1]  The Complaint alleges that while Plaintiffs were in their vehicle, Defendant Vinodkuma J. Jasani was operating a United States Postal Service motor vehicle in the course of his employment with Defendant United States Postal Service (hereinafter, "USPS").  *Id*. at ¶3.  While Plaintiffs were stopped at a traffic light, Jasani allegedly rear-ended their vehicle, causing Plaintiffs to suffer injuries.  *Id*. at ¶4-5.

Following the accident, and pursuant to the Federal Tort Claims Act (hereinafter, "the FTCA"), Denboske filed two separate Standard Form 95s (hereinafter, "SF-95s") with the USPS, whereas Ponce filed one.  All SF-95s – including the ones Plaintiffs submitted – contain the following language:

> A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES….A STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY…TO HAVE OCCURRED BY REASON OF THE INCIDENT…Failure to specify a sum certain will render your claim invalid….

Denboske filed her first SF-95 on February 18, 2012.  It listed "$500 – deductible" as the sum certain amount of property damage she suffered as a result of the accident.  It did not set out a sum certain for damages related to personal injury.  (MTD, Ex. 1).  On March 20, 2012, Roberta Price – Tort Claim Examiner/Adjudicator for USPS – addressed a letter to Denboske stating that USPS approved the $500 claim Denboske listed in her first SF-95.  The letter enclosed a check and included the following language:

> "Acceptance of the enclosed check operates as a complete release and bars recovery of any additional or further claims against the United States Postal Services and against the government employee(s) whose act(s) or omission(s) gave rise to the claim by reason of the same subject matter."

---

[1] The Complaints of Denboske and Ponce were consolidated on August 7, 2014 and largely contain identical allegations.  Unless otherwise noted, all citations to a complaint relate to the Complaint filed by Denboske.

2

Denboske cashed the $500 check on July 9, 2012.  Subsequently, Plaintiffs each filed SF-95s with USPS on October 11, 2013.  *Id.* at ¶8.  Plaintiffs' October 11, 2013 SF-95s listed out property damage to Denboske's vehicle in the amount of $2,451.03, but stated that the amount in personal injury damages and total damages were "to be determined." (Opp., Ex. A, I).  Attached to both SF-95s were workers' compensation claim petitions, a report from a physician documenting the extent of Plaintiffs' injuries for workers' compensation purposes, and billing and treatment records pertaining to Plaintiffs' injuries. *See Id.*

In a December 19, 2013 letter, Price informed Ponce that her office had no authority to consider her October 11, 2013 claim because it did not set forth a "sum certain" amount for injuries and losses sustained in the accident. (MTD, Ex. 7.)  In a June 4, 2014 letter, Price informed Denboske that USPS had denied her October 11, 2013 claim because Denboske released all claims arising out of the accident when she cashed her $500 check on July 9, 2012. (MTD, Ex. 5).

Plaintiffs filed the instant actions on June 19, 2014.  In Count One of their Complaints, they allege that Jasani, in the course of his employment with USPS, operated his vehicle negligently, causing Plaintiffs injury.  Count One seeks to hold defendants liable "for damages, including but not limited to pain, suffering and disability, loss of earning capacity, emotional distress and/or medical bills, all of which are anticipated to continue into the future as well as, interest and costs of suit." (Complt. at 4).  Count Two is a loss of consortium claim by Plaintiffs' spouses.  Defendants now move to dismiss for lack of subject-matter jurisdiction.

**II. 12(b)(1) Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint for lack of subject-matter jurisdiction.  FED. R. CIV. P. 12(b)(1).  There are two types of challenges to subject-matter jurisdiction: (1) facial attacks, which challenge the allegations of the complaint on their face; and (2) factual attacks, which challenge the existence of subject-matter jurisdiction, quite apart from any pleadings.  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In reviewing a factual attack, as is the case here, the court may consider evidence outside the pleadings, and no presumptive truthfulness attaches to the plaintiff's allegations.  *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (*citing Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1997)).[2]

---

[2] Plaintiffs contend that this Court cannot consider a factual attack to their Complaint until Defendants file an answer.  However, the Third Circuit explicitly rejected this argument in *Berardi v. Swanson Memorial Lodge No. 48 of the Fraternal Order of Police*, 920 F.2d 198, 200 (3d Cir. 1990).  The Court will therefore consider Defendants' factual attack.

Defendants set forth two primary arguments as to why the Court lacks subject-matter jurisdiction in this case. First, Defendants contend that Denboske released all future claims against the United States arising out of the accident when she cashed the $500 check on July 9, 2012. Denboske counters that by cashing the $500 check, she released only claims relating to property damage, not personal injury.[3] The Court need not reach that issue because it agrees with Defendants' second argument: the Court lacks subject-matter jurisdiction over this lawsuit because both Plaintiffs failed to set forth a "sum certain" amount of damages when they submitted their SF-95s to USPS.

    a. Count 1: Tort Claims

The doctrine of sovereign immunity provides that "the United States may not be sued without its consent and that the existence of consent is a prerequisite to jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Sovereign immunity of the United States also extends to its branches and agencies, including USPS. *See e.g. Franchise Tax Bd. v. United States Postal* Service, 467 U.S. 512, 517-18 (1976); *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996). The FTCA operates as a limited waiver of sovereign immunity. *See e.g.*, *White-Squire v. U.S. Postal Service*, 592 F.3d 453, 456 (3d Cir. 2010). If certain requirements are met, it allows common law tort actions against the United States. *Dalehite v. United States*, 346 U.S. 15, 28 (1953). One such requirement is that before filing suit, a plaintiff must submit a written administrative claim with the relevant federal agency within two years after the claim accrues. 28 U.S.C. §§ 2401(b), 2675(a); *White-Squire*, 592 F.3d at 458. This requirement cannot be waived; a plaintiff's failure to comply mandates dismissal of the claim for lack of subject-matter jurisdiction. *See e.g.*, *Medina v. City of Philadelphia*, 219 Fed.Appx. 169, 171-73 (3d Cir. 2007). Plaintiff bears the burden to prove compliance with the FTCA's administrative claim requirements. *Livera v. First Nat'l State Bank*, 879 F.2d 1186, 1195 (3d Cir. 1989).

In order to comply with the FTCA's requirements, the administrative claim presented to the relevant agency must include a "definite amount" of damages in a "sum certain." *See White-Squire*, 592 F.3d at 457. "Although there is no one particular way to articulate a 'sum certain,' a claimant must at least present information from which an agency may directly infer or compute the total value of claimant's damages." *Meehan v. Taylor*, No. 12-4079, 2013 WL 4517943 (D.N.J. Aug. 26, 2013) (citing *Jama v. U.S. I.N.S.*, F.Supp.2d 353, 367 (D.N.J. 1998)). As stated above, failure to comply with these requirements mandates dismissal for lack of subject-matter jurisdiction. *See White-Squire*, 592 F.3d at 457 ("Because the requirements of presentation and demand for a sum certain are among

---

[3] Denboske concedes that by cashing the $500 check, she released all claims relating to property damage to her vehicle. Therefore, the only remaining issue is whether Plaintiffs may proceed with their personal injury claims.

4

the terms defining the United States's consent to be sued, they are jurisdictional.") (internal citations omitted).

In this case, Plaintiffs concede that they listed their sum certain amount of personal injury damages as "to be determined." However, Plaintiffs assert that they provided USPS with two sources of information that, taken together, would allow the agency to infer a sum certain amount of Plaintiffs' personal injury damages. First, Plaintiffs contend that they submitted medical reports from Dr. Tiger, a physician who assessed Plaintiffs' injuries in order to establish the monetary value of Plaintiffs' workers' compensation claims. According to Plaintiffs, USPS was thus able to consult a number of publicly available resources to ascertain what payments Plaintiffs would receive under a workers' compensation schedule. Second, Plaintiffs argue that they submitted treatment notes and billing records that would allow USPS to compute the sum certain amount of Plaintiffs' medical expenses.

The Court rejects Plaintiffs' arguments and concludes that a sum certain amount of Plaintiffs' total personal injury damages is not "directly inferable" from the information Plaintiffs provided USPS. *See Jama v. I.N.S.*, 22 F.Supp.2d 353, 367 (D.N.J. 1998) (*citing Leaty v. United States*, 748 F.Supp. 268, 269 (D.N.J. 1990). First, Plaintiffs' reliance on Dr. Tiger's workers' compensation valuation is unavailing because workers' compensation does not account for other recoverable forms of personal injury damages, including damages for pain, suffering, and emotional distress. *See, e.g., Howard Delivery Service, Inc. v. Zurich American Ins. Co.*, 547 U.S. 651 (2006) ("In exchange for no-fault liability, employers gain immunity from tort actions that might yield damages many times higher than awards payable under workers' compensation schedules.") Plaintiffs did not indicate on their SF-95s that they sought only workers' compensation; instead, they vaguely conveyed that their personal injury damages were "to be determined." Moreover, their Complaints seek various forms of tort damages – including damages for pain and suffering – that exist outside the workers' compensation context. (Complt. at 4); *see Seldon v. Gibbs*, No. 11-6392, 2012 WL 177417, *3 (E.D.Pa. Jan. 23. 2012) (sum certain requirement not met where "plaintiffs did not specify any amount for the pain and suffering…or any of the other personal injury damages that they later asserted in their complaint.")

Second, the SF-95s fail to adequately inform USPS of what Plaintiffs seek in medical expenses. A plaintiff fails to meet the FTCA's sum certain requirement if he or she submits medical treatment records with no explanation as to the cost of the treatment. *See Meehan v. Taylor*, No. 12-4079, 2013 WL 4517943 (D.N.J. Aug. 26, 2013). While some of Plaintiffs' medical treatment records are accompanied by billing invoices, others are not.[4]

---

[4] The attachments to Plaintiffs' SF-95s appear to be hastily thrown together and are therefore difficult to follow. For example, Denboske's SF-95 indicates that she suffered a shoulder injury and cervical pain from the accident, but her submission to USPS includes a copious amount of treatment notes that predate the October 2011 accident and exclusively concern injuries to her right

For example, Ponce's SF-95 includes "Billing Sheets" from her physical therapist. (*See* Opp., Ex I, pp. 29-60). However, the Billing Sheets itemize only the treatment received, not how much each treatment costs. Similarly, Denboske's SF-95 submission includes a diagnostic analysis of an MRI conducted on her shoulder, but neglects to indicate how much she was billed for those tests. (*See* Opp., Ex A, pp. 64-66).

Moreover, the SF-95s provide no notice of what Plaintiffs seek in future medical expenses, even though the Complaints demand reimbursement for "medical bills, all of which are anticipated to continue into the future." (Compl. at 4). Plaintiffs defend this omission by contending that at the time of submitting their SF-95s, they were uncertain of whether and to what extent they would require additional medical treatment. While the Court understands that there may be practical difficulties in forecasting future medical expenses with precision, Plaintiffs are nonetheless required to provide an estimate of what those expenses may be. *See White-Squire*, 592 F.3d at 457. If their initial estimate proved to be incorrect, Plaintiffs could have amended their claims as provided in the FTCA's statutory framework. *See* 28 C.F.R. § 14.2(c); 28 U.S.C. § 2675(b).

The "sum-certain" requirement exists to allow the head of the federal agency to determine whether he or she has the authority to settle the claim. *See White-Squire*, 592 F.3d at 457; *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971). With that objective in mind, courts will assess whether the sum certain requirement has been met "based on the facts and circumstances of each case." *Jama*, 22 F.Supp.2d at 367. Given the myriad of factors discussed above, it is apparent that the SF-95s submitted in this case were so vague and incomplete that USPS was left guessing as to the amount of damages at stake.[5] Because Plaintiffs failed to comply with FTCA requirements, their tort claims are **DISMISSED WITH PREJUDICE**. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues….")[6]

    a.  Count 2: Loss of Consortium Claims

Plaintiffs' spouses have also asserted loss of consortium claims. This Court could only have subject matter-jurisdiction over those claims if the spouses filed their own

---

hand. (*See, e.g,* Opp., Ex A, pp. 30-31)(June 6, 2011 treatment notes for carpal tunnel syndrome).

[5] Plaintiffs ask this Court to order discovery on the issue of whether USPS agents "actually place[d] a value on the claims." (Opp. at 15). The Court concludes that such discovery is not warranted because USPS did not receive sufficient information to determine the sum certain value of Plaintiffs' injury claims.

[6] Even if Plaintiffs complied with the sum certain requirements, their claims against USPS and Jasani must be dismissed because only the United States is a proper party to an FTCA action. *Dilg v. United States Postal Serv.*, 635 F.Supp. 406, 407 (D.N.J. 1986).

administrative claims with USPS. *See White-Squire v. United States Postal Serv.*, No. 08-3486, 2009 WL 313338, *7 (D.N.J. Feb. 6, 2009) ("To sue for loss of consortium or services under the FTCA, spouses of tort victims must also follow the statutory procedures.")  Plaintiffs' spouses never filed administrative claims under the FTCA. Therefore, their loss of consortium claims are **DISMISSED WITH PREJUDICE**.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**. Plaintiffs' Complaints are **DISMISSED WITH PREJUDICE**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: February 3, 2015**